IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) Case No. 24-CR -275 - MIS<br>vs. )<br>)<br>**RYAN GALLARDO,** )<br>)<br>Defendant. ) | |

### UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO RYAN GALLARDO'S OBJECTION TO THE PSR

Defendant Ryan Gallardo ("Gallardo"), pled guilty to one count of conspiracy to receive and distribute child pornography, in violation of 18 U.S.C. § 2252A(b)(1), 18 U.S.C. § 2252A(a)(2), 18 U.S.C. § 2256(2)(A) and 18 U.S.C. § 2256(8)(A). Gallardo is set for sentencing on July 17, 2024. According to the PSR, Defendant's adjusted offense level is 43, his criminal history category is I, and his guidelines range is 240 months.[1] Accordingly, the United States requests the Court sentence Gallardo to a guidelines sentence of 240 months.

### BACKGROUND[2]

On or about April 18, 2022, through April 24, 2023, Ryan Gallardo conspired with the co-

---

[1] Gallardo's sentencing range is technically life. However, that statutory maximum for his only count of conviction is 20 years, or 240 months. According, pursuant to USSG § 5G1.1(a), his guidelines range becomes the statutory maximum: 240 months.

[2] Most of the information contained herein can be found in the presentence report (PSR). To the extent the information is not contained in the PSR, the United States plans on calling a witness at the sentencing hearing to verify the factual allegations below.

conspirator, Yamil Pillado (his cousin), to send and receive videos which were identified and depicting child pornography ("cp") by way of a computer. The conversations detailed below were mainly conducted via the WhatsApp application, including cloud storage and MEGA, a file hosting service, via the Internet; thereby, affecting interstate commerce. During this period, conversations revealed Gallardo and Pillado had a mutual interest in minors and child pornographic images which were discussed and exchanged. Both Gallardo and Pillado referred to the images and videos as child porn ("cp") and discussed masturbating while looking at the images and videos.

Specifically, Gallardo sent Pillado several videos of an adult male penetrating a prepubescent female minor on April 29, 2022, and on December 19, 2022, Gallardo had a conversation with Pillado where he stated that some links he had sent to Pillado could be used to "trade" for better ones; thus, Pillado and Gallardo exchanged images which could thereafter be exchanged for any valuable consideration. Pillardo sent Gallardo a picture of a minor female that had an adult male erect penis in her mouth on July 5, 2022. Among the thousands of files that were located, one depicted bestiality with a child who was tied up and blindfolded, and a screenshot showed a minor female in a sadomasochistic outfit, who was posing in a sexual manner with their genital area exposed.

The conversations laid out in the PSR related to the specific conversations between Gallardo and Pillado—which are found in paragraphs 18-37—is just a brief sampling of the exchanges that took place between the two related to trading child pornography. In addition to those conversations, Gallardo discussed his prior sexual abuse of children, and he also discussed future plans to sexual abuse minors and record that abuse. The United States is attaching several

screen shots as exhibits between Gallardo and Pillado discussing the abuse.[3] Most of the conversations between the two involve minor family members. This is significant because these are minors that Gallardo had real access to. And, as is detailed in paragraphs 68 and 69 of the PSR, Gallardo has had previous hands-on contact with minors in his family.

**UNITED STATE'S RESPONSE TO RYAN GALLARDO'S OBJECTION TO THE PSR**

The United States responds in opposition to the following legal objections to the PSR by defendant Gallardo:

**a. Gallardo's Objection to Paragraph 55 of the PSR**

Gallardo objects to the 5-level enhancement for distribution of child pornography in exchange for valuable consideration, pursuant to USSG § 2G2.2(b)(3)(B). The Court should overrule this objection and find that it was properly applied. As the PSR lays out in paragraphs 18-33, Pillado and Gallardo were exchanging CSAM with each other, and it's our position that Pillado's distribution to Gallardo occurred, at least in part, so that he would get additional CSAM material from Gallardo. As the commentary to USSG 2G2.2 explains:

> **"The defendant distributed in exchange for any valuable consideration"** means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, *such as other child pornographic material*, preferential access to child pornographic material, or access to a child. Additionally, the Tenth Circuit has upheld application of this enhancement in a less

---

[3] The United States will have the case agent authenticate the attached exhibits at the sentencing hearing. In the attached exhibits, the messages on the right-hand side are from Pillado and the messages on the left-hand side of the Whatsapp screenshots are from Gallardo. The United States is filing the exhibits separately with a notice so that the exhibits can be sealed since they refer to minor victims by name.

3

specific situation than the one here.  In *United States v. Geiner*, 498 F.3d 1104, 1110 (10th Cir. 2007), the Tenth Circuit upheld application of the 5-level enhancement when the defendant was distributing child pornography on a peer-to-peer network "in anticipation of a faster downloading speed." *Id*.  In doing so, the Tenth Circuit held, "[w]e agree that this interpretation reflects the ordinary meaning of the word 'expectation' and hold that a defendant expects to receive a thing of value under USSG § 2G2.2(b)(3)(B) when he distributes child pornography in anticipation of, or while reasonably believing in the possibility of, the receipt of a thing of value." *Id*.  Additionally, in *United States v. Traufield*, 768 F. App'x 802, 807-08 (10th Cir. 2019), the 10th Circuit held that the 5-level distribution enhancement pursuant to USSG § 2G2.2(b)(3)(B) applies when child pornography is received in exchange for child pornographic material. *United States v. Traufield*, 768 F. App'x 802, 807-08 (10th Cir. 2019).  In *United States v. Traufield*, the court held that "distributed in exchange for any valuable consideration" means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." *Id.*  In this case, both Gallardo and his coconspirator sent as well as received child pornography from the other.  As indicated by the conversations noted above that were exchanged between Gallardo and Pillado, each expected and did receive child pornography from the other.

In Gallardo's objection to this enhancement, he cites to *United States Barela*, 797 F.3d 1186 (10th Cir. 2015), for the proposition that the Tenth Circuit has held that simply using file sharing software or a peer-to-peer service to distribute child pornography does warrant the 5-level

4

enhancement under USSG § 2G2.2(b)(3)(B). Defendant is correct. But this is not a peer-to-peer or file sharing case. Here, Gallardo was communicating directly with another person. In those conversations, Gallardo sent child pornography and discussed things such as having Pillado send links (of child pornography) back to him so he could trade them for better ones (*i.e.* better pictures of child pornography). PSR ¶ 29. The clearly indicates that Gallardo was sending child pornography to Pillado in anticipation of receive someone of value in return, *i.e.* links to other child pornography.

b. **Gallardo's Objection to Paragraph 58 of the PSR**

Defendant appears to lodge a policy objection to the enhancement for use of a computer pursuant to USSG § 2G2.2(b)(6). Under the facts, the enhancement clearly applies. The Court should decline Defendant's invitation to find that the guideline is flawed. The Tenth Circuit has routinely rejected these sorts of arguments to USSG § 2G2.2. *See e.g., United States v. Morrison*, 771 F.3d 687, 691 (10th Cir. 2014); *United States v. Wireman*, 849 F.3d 956, 966 (10th Cir. 2017); *United States v. Nghiem*, 432 F. App'x 753, 757 (10th Cir. Aug. 3, 2011) (unpublished); *see also United States v. Miller*, 318 F. App'x 701, 702 (10th Cir. 2009). In *United States v. Miller*, the defendant made a similar policy argument that the use of a computer is inherent to the elements of the statute and violated the principals of the sentencing guidelines because it amounts to double counting. *Id*. The court held that the use of a computer enhancement is not inherent to the underlying offense statute. *Id*.

c. **Gallardo's Objection to Paragraph 59 of the PSR**

The United States agrees that the enhancement for number of images pursuant to USSG § 2G2.2(b)(7)(D) does not apply. In the newly disclosed PSR on June 18, 2024, Doc. 55, the

probation officer removed this enhancement.

**JUSTIFICATION OF REQUESTED SENTENCE**

Because the guidelines are advisory[2] and only one factor to be considered by the Court in determining a sentence under 18 U.S.C § 3553(a), the United States will frame its request within the applicable factors set forth in 18 U.S.C § 3553(a).

I.   **18 U.S.C § 3553(a)(1): The Nature and Circumstances of the Offense and the History and Characteristics of Defendant**

Distribution of child pornography is an extremely serious crime.  When Congress enacted the CPPA, it found that the mere existence of pornographic materials containing children, as well as their distribution, "creates the potential from many types of harm in the community and presents a clear and present danger to all children; and it inflames the desires of child molesters, pedophiles, and child pornographers who prey on children" which leads to the abuse and exploitation of children as creation and production of additional pornographic material is needed. S. Rep. No. 104-358, § 2 (10)(A)(B).

As noted by the Fifth Circuit, "[t]he 'victimization' of the children involved does not end when the camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998).  Viewing and collecting these images, which depict children involved in sexual acts, contributes indirectly to the harm inflicted on that child and other children by creating a demand for more of the images. These viewers contribute to the cycle of abuse and are in part responsible for the psychological and physical harm of the children used to produce the images.  *United States v. Yeaple*, 605 F. Supp. 85, 86 (Pa. D. 1985); *see also, New York v. Ferber*, 458 U.S. 749, 759 (2008).

Here, not only was Gallardo sending large amounts of child pornography, but he was also producing child porn of his victims and admitted to hands on sexual contact with his victims.

Gallardo's hands on abuse of one of his victims, Victim 1, occurred over the span of more than a decade, beginning when the victim was four years old. PSR ¶ 17. Further, Gallardo engaged in conversations with co-conspirator, Gallardo, regarding plans to continue hands on abuse of children, even encouraging Pillado to have children so that they could exchange them and sexually abuse them. That behavior certainly warrants the Court to impose a guidelines sentence in this case.

## II. 18 U.S.C § 3553(a)(2)(a): To Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment

In terms of promoting respect for the law, a sentence of 240 months would not offend the community at large based upon the facts of this case. The victims of the defendant's criminal behavior are children ranging from ages 8-16 years old. The defendant not only produced and distributed child pornography, but also engaged in hands on abuse, sexually assaulting his victims. Someone who commits the crime of conspiracy to receive and distribute child pornography as well as engages in hands on abuse of children, traumatizes the child not only at the time of the criminal conduct but repeatedly over the course of a lifetime. *United States v. Norris* at 926. Thus, a sentence of 240 months in the present case would promote respect for the law because it would make clear to the defendant that are consequences to his actions, especially when he has directly harmed at least four children through hands on abuse and countless others through the distribution of thousands of images of child pornography.

### A. 8 USC § 3553(a)(2)(b): To Afford Adequate Deterrence to Criminal Conduct

Despite more than a decade of abuse of children through hands on contact and distribution of child pornography, this will be the first time the defendant will be held accountable for the immense harm he has inflicted on his victims. This appears to be the defendants first arrest and first criminal

charges. A sentence of 240 months in the present case would send clear a message to the defendant that his actions have consequences, and he cannot continue to engage criminal behavior that harms the lives of children. A sentence of 240 months would also deter other individuals from committing similar crimes.

### B. 18 USC § 3553(a)(2)(c): To Protect the Public from Further Crimes of Defendant

Here, there is a serious need to protect the public from further crimes of Gallardo. His actions make clear that he is a danger to the community at large. He has endangered numerous children of the community and other communities across multiple states by distributing thousands of images of child pornography as well as engaging in hands on abuse of child victims of whom he continues to have access, and communicating plans to engage in future hands on abuse of his victims as well as new victims. To ensure that the public is protected from the defendant, a sentence of 240 months is necessary.

## CONCLUSION

For the reasons stated above, the United States requests the Court to sentence Gallardo to 240 months.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically Filed 6/24/2024*
A'KIESHA SOLIMAN
MARISA A. ONG
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 - Tel.
(575) 522-2391 – Fax

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

**Electronically filed on 6/24/2024**
A'KIESHA D. SOLIMAN
Assistant United States Attorney